IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

ERIC L. McCRAW                                                                                    PLAINTIFF

versus                                                            CIVIL ACTION NO.2:05cv107-KS-MTP

JO ANNE BARNHART,
Commissioner of Social Security                                                      DEFENDANT

REPORT AND RECOMMENDATION

Plaintiff Eric L. McCraw brings this action pursuant to 42 U.S.C. § 405(g) of the Social Security Act requesting judicial review of a final decision of the Commissioner denying his claim for disability benefits.  The matter is now before the court on the Commissioner's Motion to Dismiss for Failure to Prosecute [16-1] pursuant to Federal Rule of Civil Procedure 41(b).  The Commissioner submits that the case should be dismissed for the plaintiff's failure to prosecute because the plaintiff did not comply with the Standing Order Regarding Social Security Cases requiring that he file a dispositive motion and brief within thirty days from the filing of the answer.[1] In his response to the motion to dismiss [19],  the plaintiff's attorney admits delay in filing the requisite motion but explains that the delay resulted from damage to his office from Hurricane Katrina and was not intentional.  He urges that the requisite factors for dismissal are not present in this case and  requests that the plaintiff be allowed additional time to proceed with this case, contending that the defendant will not be prejudiced.  The Commissioner has not replied to this request.  Having considered the submissions of the parties and applicable law and being thus fully advised in the premises, the undersigned recommends that the defendant's motion be DENIED.

---

[1]The Commissioner answered the complaint on February 27, 2006, making the dispositive motion and memorandum due on March 29, 2006.  On May 12, 2006, the Commissioner filed the instant motion to dismiss.

Federal Rule of Civil Procedure 41(b) allows the court to dismiss an action "for failure of the plaintiff to prosecute or to comply with these rules or any order of the court."  Because under 42 U.S.C. § 405(g), the plaintiff had only sixty days following the mailing of the Appeals Council's denial of his request for review, were the court to dismiss this suit–now long past that sixty-day period–the plaintiff would be time-barred from refiling it. *Cole v. Barnhart,* No. 05-20810, 2006 WL 1684745, at *1 n.4 (5th Cir. June 13, 2006).  Thus, in this case, dismissal of the suit would have the effect of a dismissal with prejudice.  *Id.* at *1.

Dismissal with prejudice is warranted "only upon a showing of a clear record of delay or contumacious conduct by the plaintiff, ... and where lesser sanctions would not serve the best interest of justice."  *Dorsey v. Scott Wetzel Servs.,* 84 F.3d 170, 171 (5th Cir. 1996).[2]  The Fifth Circuit has observed that "such a sanction is reserved for the most egregious of cases." *Rogers v. Kroger Co.,* 669 F.2d 317, 320 (5th Cir. 1982).  This is not such a case.

At the time the instant motion to dismiss was filed, the Commissioner charged that "Plaintiff is now forty four (44) days delinquent in compliance with this Order as of the date of this filing" and urged that "this case should [therefore] be dismissed pursuant to Fed. R. Civ. P. 41(b) for Plaintiff's failure to prosecute."[3]  The Commissioner misses the mark with this contention because "a clear

---

[2]*See also Hack v. Department of Housing and Urban Dev.,* 182 Fed. Appx. 338 (5th Cir. May 25, 2006) (vacating dismissal where there was not "a clear record of purposeful delay or contumaciousness" on the part of the plaintiff); *Warner v. Glass,* 114 Fed. Appx. 151, 151 (5th Cir. Nov. 30, 2004) (vacating dismissal where the record did not show that the plaintiff's failure to comply with court order "was the result of contumacious behavior or an attempt to delay the proceedings"); *Teel v. Walker,* 252 F.3d 436, *1 (5th Cir. 2001) (describing dismissal as "an extreme sanction" and vacating 41(b) dismissal where it was not clear from the record that the plaintiff's failure to comply with court orders was the result of his lack of diligence)*; Long v. Simmons,* 77 F.3d 878, 880 (5th Cir. 1996) (vacating dismissal where record contained no indication that plaintiff failed to comply with court order "to secure a delay or out of contumaciousness").

[3] Motion to Dismiss [16-1] at ¶ 7.

record of delay entails significant periods of total inactivity. [D]elay which warrants dismissal with prejudice must be longer than just a few months" and must involve more than one period of inactivity. *Wood v. Wood,* No. 05-10867, 2006 WL 2460885, at *4 (5th Cir. August 23, 2006) (internal quotations and citations omitted). In reversing the district court's dismissal order, the *Wood* court pointed to its precedent that "indicates that there must be 'significant periods,' plural" and cited *Morris v. Ocean Systems,* 730 F.2d 248 (5th Cir. 1984) and *Rogers v. Kroger,* 669 F.2d 317 (5th Cir. 1982) for the proposition that periods of dormancy of eight months and more than a year do not support dismissal for failure to prosecute. *Wood* at *4-5.

Not only does the record of this case fail to show sanctionable delay, it likewise fails to show contumacious behavior sufficient to warrant dismissal. According to the Fifth Circuit, "'contumacious' is defined as 'stubbornly perverse or rebellious; willfully disobedient.'" *Id.* at *4 (finding conduct careless rather than contumacious). Intentional failure to comply with a court order is contumacious; negligence is not: ""[I]t is not a party's negligence, regardless of how careless or inconsiderate, that makes conduct contumacious; instead, it is the stubborn resistance to authority that justifies a dismissal with prejudice." *Stearman v. Commissioner of Internal Revenue,* 436 F.3d 533, 537 (5th Cir. 2006) (also finding "general contempt and defiance of the court's authority" to be "intentional, not mistakes or oversights"); *see also Castillo v. Alstom Power, Inc.,* 85 Fed. Appx. 985 (5th Cir. Jan. 22, 2004) (describing failures to comply with order as intentional "and not the result of mere inadvertence").

That Plaintiff McCraw's failure to comply with the order's thirty-day requirement falls far short of the "stubborn resistance to authority" necessary for contumaciousness is borne out by his response to the Commissioner's motion. McCraw offers that the delay resulting from his failure to file the requisite motion was not intentional and indicates that he will proceed with the case if the

3

court grants an extension of time. Under these circumstances, it is appropriate that the court decline to impose the severe sanction of dismissal at this point in the litigation, not only because the requisites for dismissal are not met [4] but also because the defendant has neither alleged nor shown actual prejudice arising from the plaintiff's noncompliance. *See Rogers v. Kroger,* 669 F.2d 317, 320 & n.5 (5th Cir. 1982).

## CONCLUSION

It is therefore the recommendation of this court that the Commissioner's Motion to Dismiss for Failure to Prosecute [16-1] be DENIED. It is further recommended that the plaintiff be given thirty days from entry of the court's order to file his dispositive motion and memorandum, and that he be warned that his failure to proceed timely with his case as ordered could result in its dismissal.[5]

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed

---

[4] *See Callip v. Harris County Child Welfare Dept.,* 757 F.2d 1513, 1520-21 (5th Cir. 1985) (explaining that even "noncompliance with two or three orders" does not "establish a clear record of delay or contumacious conduct"); *see also Cole v. Barnhart,* No. 05-20810, 2006 WL 1684745, at *2 (5th Cir. June 13, 2006) (vacating dismissal and remanding where "the court made no finding of a clear record of delay or contumacious conduct by plaintiff, which the record would not support").

[5] *See Rogers v. Kroger,* 669 F.2d at 321(noting that, among other measures, "explicit warnings are...less severe sanctions that may be used to safeguard a court's undoubted right to control its docket").

5

findings, conclusions, and recommendations contained within this report and recommendation within ten days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 13th day of December, 2006.

s/Michael T. Parker
United States Magistrate Judge